UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| FREDERICK IRVIN, | ) | CASE NO. 1:10 CV 1084 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J.T. SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is *pro se* petitioner Frederick Irvin's above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Irvin, who is incarcerated at Federal Correctional Institute at Elkton (F.C.I. Elkton) in Lisbon, Ohio, brought this action against F.C.I. Elkton Warden J.T. Shartle. Irvin maintains that he is actually innocent of the charges against him, despite having plead guilty to those charges.

*Background*

On November 10, 1994, a 39 count indictment was returned against Irvin and 18 co-defendants in the United States District Court for the Eastern District of Michigan. United States v. Irvin, No. 94-CR-81259 (E.D. Mich 1994). Irvin was charged *inter alia* with conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 841 and carrying or using a firearm during a drug trafficking offense in violation in violation of 18 U.S.C. § 924(c)(1). On April 22, 2003, pursuant to a Rule 11 plea agreement, Irvin pleaded guilty to conspiracy to possess with intent to distribute crack cocaine and to carrying and using a firearm during a drug trafficking offense. The remaining charges against him were dismissed. Irvin was sentenced to 40 years imprisonment for the

conspiracy charge with a five year mandatory consecutive sentence for the firearm charge.

On direct appeal to the Sixth Circuit, Irvin raised three issues. *See United States v. Irvin*, Nos. 95-1823, 95-1895, 1997 WL 49130 (6th Cir. Feb. 05, 1997). The first issue was whether the district court erred in making an upward adjustment in his sentence for his aggravating role in the conspiracy under § 3B1.1(a) of the Sentencing Guidelines. The second issue was whether the district court erred in sentencing him based on the Sentencing Guidelines for crack cocaine, rather than powdered cocaine. The third issue was whether petitioner should have been permitted to withdraw his guilty plea on the firearms charge in light of the Supreme Court's decision in *Bailey v. United States*, 116 S. Ct. 501 (1995). The Sixth Circuit affirmed Irvin's conviction and upheld his sentence in all respects. The Circuit issued its mandate on February 27, 1997, and Irvin did not petition the Supreme Court for a writ of certiorari.

Prior to the appeal, the Government filed a motion on July 2, 1996 to reduce Irvin's sentence pursuant to Federal Criminal Rule 35 because of his assistance and cooperation in the investigation of other drug crimes. The motion was held in abeyance pending the completion of petitioner's appeal. Almost one year after the Sixth Circuit's judgment, the court granted the Rule 35 motion and amended its judgment on February 18, 1998. As a result, Irvin's sentence was reduced from 480 to 216 months on the conspiracy charge.

On November 4, 1999, Irvin filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He claimed:

> (1) his Rule 11 plea agreement was involuntary because the court misinformed him of the elements the Government must prove to obtain a conviction on the firearm count,
>
> (2) the Government violated the Rule 11 plea agreement by recommending an

conspiracy charge with a five year mandatory consecutive sentence for the firearm charge.

On direct appeal to the Sixth Circuit, Irvin raised three issues. *See United States v. Irvin*, Nos. 95-1823, 95-1895, 1997 WL 49130 (6th Cir. Feb. 05, 1997). The first issue was whether the district court erred in making an upward adjustment in his sentence for his aggravating role in the conspiracy under § 3B1.1(a) of the Sentencing Guidelines. The second issue was whether the district court erred in sentencing him based on the Sentencing Guidelines for crack cocaine, rather than powdered cocaine. The third issue was whether petitioner should have been permitted to withdraw his guilty plea on the firearms charge in light of the Supreme Court's decision in *Bailey v. United States*, 116 S. Ct. 501 (1995). The Sixth Circuit affirmed Irvin's conviction and upheld his sentence in all respects. The Circuit issued its mandate on February 27, 1997, and Irvin did not petition the Supreme Court for a writ of certiorari.

Prior to the appeal, the Government filed a motion on July 2, 1996 to reduce Irvin's sentence pursuant to Federal Criminal Rule 35 because of his assistance and cooperation in the investigation of other drug crimes. The motion was held in abeyance pending the completion of petitioner's appeal. Almost one year after the Sixth Circuit's judgment, the court granted the Rule 35 motion and amended its judgment on February 18, 1998. As a result, Irvin's sentence was reduced from 480 to 216 months on the conspiracy charge.

On November 4, 1999, Irvin filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He claimed:

> (1) his Rule 11 plea agreement was involuntary because the court misinformed him of the elements the Government must prove to obtain a conviction on the firearm count,
>
> (2) the Government violated the Rule 11 plea agreement by recommending an

enhancement, which, though withdrawn, "tainted" the court's determination and caused it to add points to the sentencing calculation when it otherwise would not have,

(3) the Government failed to file a pre-sentencing motion for downward departure and instead utilized a subsequent Rule 35 motion,

(4) the Government's Rule 35 recommendation violated the Rule 11 plea agreement by using discretionary instead of mandatory language and

(5) the disparity between the Defendant's and his co-defendants' sentences violated the due process clause.

*Irvin*, No. 94-CR-81259 (Order of 5/2/2000). The motion was denied. Addressing each claim, the court ruled some of petitioner's claims were time-barred under 28 U.S.C. § 2255, or waived. The court further found that Irvin suffered no prejudice from the Government's use of discretionary language and that he failed to state a cognizable claim. *Irvin*, (5/2/2000 Order.) Irvin then filed a Civil Rule 60(b)(5-6) motion for relief from the court's order denying his 28 U.S.C. § 2255 motion. The Motion was transferred to the Sixth Circuit for a determination of whether certification should issue pursuant to 28 U.S.C. § 2255. *See United States v. Irvin*, 2008 WL 2915336 (E.D. Mich. July 25, 2008). Six days later, the Sixth Circuit declined to issue a certification.

Irvin now claims he is in prison for conduct that is not illegal and thus is innocent of violating 18 U.S.C. § 924(c). Moreover, Irvin maintains he is entitled to relief pursuant to 28 U.S.C. § 2241 because his remedy under 28 U.S.C. § 2255 is inadequate to test the legality of his sentence. Because he is time-barred from filing another § 2255 petition, Irvin believes his §2255 remedy is per se inadequate and ineffective to test the legality of his sentence.

*Initial Review*

This matter is before the court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No.

3

02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.2001). As Irvin is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999). For the reasons set forth below, however, the petition lacks merit.

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

In his petition before this court, Irvin directly attacks his conviction. This is a matter for which a prisoner should seek relief through a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir.1965). If, however, a prisoner sets forth that relief under § 2255 is inadequate or ineffective to test the legality of his detention, § 2255 does provide a safety valve wherein a federal prisoner may bring a § 2241 claim challenging

his conviction or imposition of sentence. *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997).

Courts have clarified that § 2255 is not considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir. 1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

Irvin asserts his relief under § 2255 is inadequate or ineffective because he is time-barred. As already noted, this is not a basis upon which a petitioner can assert that his remedy under § 2255 is inadequate or ineffective. *See Vial*, 115 F.3d at 1194 n. 5. Accordingly, Irvin is not entitled to pursue his claim under 28 U.S.C. § 2241.

## *Conclusion*

Based on the foregoing, this petition is DISMISSED pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: October 27, 2010                        */s/ John R. Adams*
                                              JOHN R. ADAMS
                                              UNITED STATES DISTRICT JUDGE